IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARIUS D. JONES, #524547, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) NO. 3:24-cv-00780 |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTIONS, et. al. | ) JUDGE RICHARDSON |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Darius D. Jones, an inmate of the Trousdale Turner Correctional Facility, has filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. Before the Court proceeds with the required PLRA screening, the Court must address the filing fee.

### I. FILING FEE

Plaintiff has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-

plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the administrator of inmate trust fund accounts at the Trousdale Turner Correctional Facility to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place

of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Memorandum Opinion and Order follows Plaintiff to his new place of confinement for continued compliance.

## II. MOTION TO APPOINT COUNSEL

Plaintiff has filed a Motion to Appoint Counsel. (Doc. No. 6).

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

In support of his Motion to Appoint Counsel, Plaintiff states that he is unable to afford counsel, that his imprisonment limits his ability to litigate, that the issues are complex, that the case will likely involve expert witnesses, that Plaintiff is currently in administrative segregation, and that the warden prohibits workers from the law library from assisting inmates who are in segregation. (Doc. 6, at 90-91).

Plaintiff's circumstances as described are typical to most prisoners. *See Murray v. Giarratano*, 492 U.S. 1, 7 (1989) (pro se litigant); *Richmond v. Settles*, 450 F. App'x 448, 452-53 (6th Cir. 2011) (indigent litigant); *Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained, pro se litigants). Moreover, Plaintiff has demonstrated that he is able to prosecute his case by filing a complaint,

several attachments, and a motion for the appointment of counsel. At this time, Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. Thus, Plaintiff's motion will be denied without prejudice to renew at a later time, if appropriate.

### III. ANALYSIS OF THE COMPLAINT

#### A. THE STANDARD OF REVIEW

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews it to determine whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*. The Court must accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), a court's "duty to be 'less stringent' with pro se complaints does not require [the court] to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. SECTION 1983 STANDARD

Title 42, United States Code, Section 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. ALLEGED FACTS

Plaintiff raises ten different claims for relief in his complaint.

In his first claim, Plaintiff alleges that on February 4, 2024, at 12:30 a.m., Defendant Vincent Vantell, Jr., the warden at Trousdale Turner Correctional Facility, and Defendant OIC Perez, an investigator at the facility, forced Plaintiff to get down on his knees in hand restraints in the Whiskey Alpha Pod. The two defendants allegedly refused to allow him to use the bathroom, even though Plaintiff needed to urinate, unless Plaintiff provided them with information. Allegedly, Plaintiff was taken to segregation, where he was forced to hold his bladder for several hours, all the while choking, coughing, and sneezing from the o.c. gas (tear gas) being deployed

by prison staff in a nearby area. (Doc. 1-1, at 23). Plaintiff later alleges that Defendant Lieutenant Carter and Assistant Warden Huggins participated in this incident. (Doc. 1-1, at 30).

In his second claim, Plaintiff alleges that Defendants Vantell, Cleveland, and Arrington left him confined in segregation for nineteen days under the false pretense of an investigation being conducted and without the signed approval or authorization for an investigation and without a hearing being conducted. (Doc. 1-1, at 23).

In his third and ninth claims, Plaintiff alleges that Defendant Jeffreys arrived from another prison facility and drafted an incident report that falsely accused Plaintiff of assaulting an inmate with a weapon. The report allegedly contained other false information. Plaintiff claims that Defendant Byrd also participated in this write-up. (Doc. 1-1, at 24). Plaintiff in his ninth claim alleges that Defendant Jeffreys later prepared a superseding incident report, which according to Plaintiff also contained false information and again accused Plaintiff of assaulting an inmate with a weapon. (Doc. 1-1, at 28-29). Plaintiff later alleges that Defendant Lawrence also prepared a write-up containing false information. (Doc. 1-1, at 31). Plaintiff alleges that based on these reports, a disciplinary hearing was conducted, with Defendant Cleveland presiding over the hearing and Defendants Arrington, Jeffreys, Byrd, Bartlett, and Andrews playing roles in the hearing. Plaintiff claims that he was not allowed to confront witnesses. Plaintiff alleges that he was found guilty of assaulting an inmate with a weapon, even though (according to Plaintiff) there was no evidence from a videotape showing his involvement in the assault. (Doc. 1-1, at 24).

Claims # 4 and # 5 are related. Plaintiff alleges in his fourth claim that on April 5, 2024, Defendant Vantell brought Plaintiff to his office and threatened Plaintiff because he (Plaintiff) had informed his family and fiancée about the alleged violations of his constitutional rights. (Doc. 1-1, at 25). Plaintiff alleges in his fifth claim that on March 7, 2024, Defendant Ecford, a lieutenant

at the facility, allegedly moved Plaintiff into a new cell that had been hosed down with o.c. gas. Allegedly, the cell had not been decontaminated before the move and Plaintiff had trouble breathing and swallowing and suffered chest pains. (Doc. 1-1, at 25). Ecford allegedly informed Plaintiff that Vantell had ordered him to be moved to this cell. (Doc. 1-1, at 34).

In Claim # 6, Plaintiff alleges that Defendant Saunders denied him a lunch tray on March 12, 2024. On March 22, 2024, allegedly, Defendant Todd deprived Plaintiff of a breakfast tray. According to Plaintiff, he was deprived of breakfast again by Defendant Jamison on April 24, 2024 and was denied a lunch tray by Defendant Phillips on May 10, 2024. (Doc. 1-1, at 26).

In Claim # 7, Plaintiff alleges that on May 11, 2024, Defendant Timmons, a prison nurse, negligently gave him another inmate's medication, which allegedly caused Plaintiff to become disoriented, lose consciousness, and to have balance and mental health issues afterwards. (Doc. 1-1, at 26).

In Claim # 8, Plaintiff alleges that Defendants Christian failed to properly investigate or handle the various grievances that he filed. (Doc. 1-1, at 28).

In Claim # 10, Plaintiff alleges that on February 22, 2024, Defendant Jeffreys drafted an incident report claiming that Plaintiff had engaged in security threat group (S.T.G.) activity. Plaintiff claims that this information is false and incomplete. It is unclear whether Plaintiff has been given an S.T.G. designation by the prison. (Doc. 1-1, at 29).

Plaintiff has now sued numerous defendants based on these allegations.

D. ANALYSIS

1. The Tennessee Department of Corrections is dismissed from the case.

The claims must be dismissed as to the Tennessee Department of Corrections (TDOC), because it is an agency of the State of Tennessee and therefore is immune from suit under the

Eleventh Amendment from being sued. *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012); *See also Vick v. Core Civic*, 329 F. Supp. 3d 426, 450 (M.D. Tenn. 2018). Plaintiff's claim for money damages against the TDOC must be dismissed.

      2. <u>Defendant Core Civic, Inc. is dismissed from the complaint.</u>

      Plaintiff has sued CoreCivic, Inc., apparently because many of the persons named in the complaint are employed by CoreCivic, Inc. Plaintiff, however, does not allege that CoreCivic, Inc. had a policy of encouraging the various constitutional violations alleged in the complaint.

      A plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious or supervisory liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)(same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 81 (6th Cir. 1995)(plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

      A private corporation like CoreCivic, Inc. "that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011)(citing *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996)). Nonetheless, CoreCivic, Inc. "cannot be held liable under a theory of respondeat superior." *Id.* Plaintiff makes no allegation that CoreCivic, Inc. (as an entity, as opposed to its employees) was involved in the deprivation of his constitutional rights or had a policy or custom of encouraging these deprivations. This defendant is dismissed from the case.

      3. <u>Trousdale Turner Correctional Facility is dismissed from the case</u>

A state prison or correctional facility is also not a "person" for purposes of Section 1983, which contemplates liability only for defendants who are "persons" within the meaning of Section 1983. *See Anderson v. Morgan Cty. Corr. Complex*, No. 15–6344, 2016 WL 9402910, at * 1 (6th Cir. Sept. 21, 2016)("A state prison is not a 'person' subject to suit under § 1983."); *Hix v. Tennessee Dept. of Corrections*, 196 F. App'x 350, 355–356 (6th Cir.2006)(and cases cited therein) (holding that neither the state department of corrections, which is an "administrative department of the state," nor the state prison's medical department, which "may be seen as nothing more than an arm" of the department of corrections, is a "person" within the meaning of § 1983); *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at * 2 (E.D. Mich. Apr. 21, 2014) (finding that a state prison facility is an institution operated by a state corrections department and "is not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983"). Accordingly, the case must be dismissed against the Trousdale Turner Correctional Facility.

4. (Claim # 1) <u>Defendant states a claim for relief against Defendants Vantell, Perez, Carter, and Huggins for the denial of bathroom privileges.</u>

Plaintiff alleges that Defendants Vantell and Perez put him in restraints for several hours and refused to allow him to use the bathroom even though he needed to urinate. He also alleges that Defendants Carter and Huggins later assisted in the continued restraint of Plaintiff and also denied his requests to use the bathroom.

The Sixth Circuit has held that "restraining an inmate in an uncomfortable position, denying access to water, and denying access to the toilet—could rise to an Eighth Amendment violation if allowed to persist for an extended period." *Barker v. Goodrich*, 649 F.3d 428, 435 (6th Cir. 2011); *See also Berkshire v. Dahl*, 928 F.3d 520, 538 (6th Cir. 2019)(Genuine issue of material fact existed as to whether prison sergeant denied state prisoner bathroom break and then left him to lay in his own urine and feces for several hours, subjecting him to significant risk of pain and

damage to his bladder, precluding summary judgment for sergeant based on qualified immunity, on prisoner's Eighth Amendment conditions of his confinement claim in § 1983 action). Plaintiff's allegations, taken as true for present purposes, state a claim for relief. This claim will proceed against Defendants Vantell, Perez, Huggins, and Carter.

    5. (Claim # 2). <u>Plaintiff is not entitled to relief on his wrongful segregation claim.</u>

    Plaintiff in his second claim alleges that for nineteen days he was held in segregation under false pretenses of an investigation without a hearing to determine the validity of Plaintiff remaining in segregation.

    For an inmate to establish a due-process violation concerning placement in administrative segregation, a plaintiff must show that he suffered restraint which imposed an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-791 (6th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 472 (1995)). Plaintiff's placement in administrative segregation for nineteen days before a hearing was conducted does nor rise to the level of a significant hardship that would entitle him to relief. *See Bishawi v. Ne. Ohio Corr. Ctr.,* 628 F. App'x 339, 344 (6th Cir. 2014)(explaining that a prisoner's confinement typically must be "prolonged or indefinite" to "implicate due process considerations" and holding that sixty-nine days in segregation did not qualify); *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (sixty-one days in segregation did not violate prisoner's due process rights). The second claim and Defendants Cleveland and Arrington are dismissed from the complaint.

    6. (Claim # 3). <u>Plaintiff is not entitled to relief on his claims alleging a false prison misconduct reports and the denial of due process at the prison misconduct hearing.</u>

    Plaintiff alleges that Defendants Jeffreys, Byrd, and Lawrence prepared incident reports or write-ups that falsely charged him with assaulting an inmate with a weapon. He further alleges that

he was denied due process at the prison misconduct hearing, where he claims he was wrongly convicted of this prison infraction.[1]

The first part of Plaintiff's claim fails because "a prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003)(citing *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986)).

To the extent that Plaintiff wishes to have his prison misconduct conviction set aside, his proper remedy would be by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. Moreover, unless and until he is successful in getting that conviction set aside, either by a state or federal court, he would not be entitled to money damages. Such a claim was recently rejected by another judge in this district:

> Under well-established Supreme Court precedent, such requests for relief are not cognizable in a Section 1983 action. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Court held that an inmate who seeks restoration of good-time credits lost in a prison disciplinary proceeding is seeking relief that would shorten the length of his confinement in prison, and that such relief must be pursued in habeas corpus rather than under Section 1983. *Id*. at 487, 500. And, in *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court held that a "claim for declaratory relief and money damages[ ] based on allegations of deceit and bias on the part of the decisionmaker" would, if successful, necessarily imply that the disciplinary hearing and resulting revocation of sentence credits was invalid; therefore, such claims are not cognizable under Section 1983 unless the prisoner can demonstrate that the disciplinary conviction has previously been invalidated. *Id.* at 646, 648 (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).
>
> Here, there is no indication that the plaintiff's disciplinary conviction has been overturned or otherwise invalidated. His claims are not cognizable under Section 1983, and his Complaint must be dismissed on that basis. *Id.* at 649.

*Gunn v. Core Civic* [sic], No. 1:24-CV-00073, 2025 WL 350242, at *3–4 (M.D. Tenn. Jan. 30, 2025).

---

[1] To be clear, the kind of conviction at issue here is a disciplinary conviction, not a criminal conviction.

Plaintiff is not entitled to use Section 1983 to set aside his misconduct conviction, and any claim for money damages is premature. Accordingly, Plaintiff's third claim and Defendant Cleveland, Arrington, Jeffreys, Byrd, Lawrence, Bartlett, and Andrews are dismissed from the complaint.

7. (Claims # 4 and # 5). <u>Plaintiff's claim involving placement in a contaminated cell states and the related retaliation claims state a claim for relief.</u>

Plaintiff alleges in his fourth claim that on April 5, 2024, Defendant Vantell brought Plaintiff to his office and threatened Plaintiff because he had informed his family and fiancée about the alleged violations of his constitutional rights. Defendant Vantell threatened to retaliate against Plaintiff for this. Plaintiff alleges in his fifth claim that on March 7, 2024, Defendant Ecford, a lieutenant at the facility, allegedly moved Plaintiff into a new cell that had been hosed down with tear gas. Defendant Ecford allegedly told Plaintiff he did this on the orders of Defendant Vantell.

"The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care." *Vick v. Core Civic*, 329 F. Supp. 3d at 444 (citing *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119–24 (M.D. Tenn. 1982)). "The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment." *Id.* (citing *Bellamy v. Bradley*, 729 F.2d 416, 419 (6th Cir. 1984)).

When alleging that his safety was endangered due to the conditions of confinement, a prisoner can successfully bring a § 1983 claim by showing that the prison officials acted with "deliberate indifference" to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 828–29 (1994).

By alleging that Defendant Vantell ordered Defendant Ecford to place Plaintiff in a cell that had been sprayed with tear gas and had not been decontaminated, Plaintiff states a claim for relief. *See Thompson v. Smith*, 805 F. App'x 893, 904–05 (11th Cir. 2020) (inmate's alleged injury

from being pepper sprayed could have amounted to greater than de minimis physical injury, where inmate alleged that he was pepper sprayed and made to sit with chemical agents on him for nearly 20 minutes, forced to take extended shower to allow chemicals to run into sensitive crevices of his body, and returned to cell contaminated with pepper spray for rest of that day and part of following day).

To the extent that Plaintiff alleges that Defendant Vantell ordered Defendant Ecford to place Plaintiff in this contaminated cell as retaliation for his filing various grievances, Plaintiff has alleged a valid retaliation claim.

A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). To establish a prima facie case of retaliation within the context of Section 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the defendant's conduct was substantially motivated at least in part by retaliation for the plaintiff's protected speech and conduct. *Id*. at 394-99. In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than *de minimis* harm resulting from it. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Thaddeus-X,* 175 F.3d at 396. The plaintiff has the burden of proof on all three elements. *Murray v. Unknown Evert*, 84 Fed. App'x 553, 556 (6th Cir. 2003).

In *Hill v. Lappin*, the Sixth Circuit reversed the district court's dismissal on initial review of a First Amendment retaliation claim, emphasizing that the essential elements of such a claim are not overly difficult to adequately allege, "especially in light of the 'indulgent treatment' that '[c]ourts are instructed to give . . . to the 'inartfully pleaded' allegations of pro se prison litigants."

630 F.3d 468, 471 (6th Cir. 2010) (quoting *Pasley v. Conerly*, 345 F. App'x 981, 986 (6th Cir. 2009)). The Court of Appeals indicated that, where the facts alleged in a prisoner's complaint are sufficient to support these elements, the claim should go forward even if the inmate "fails to explicitly state" that he is making a First Amendment retaliation claim or does not "make an effective argument for that claim in his . . . complaint." *Id*. (citing *Pasley*, 345 F. App'x at 986).

Plaintiff's allegation that Defendant Vantell had him moved him into a contaminated jail cell in retaliation for him filing grievances states a viable claim for relief. *See Vick v. Core Civic*, 329 F. Supp. 3d at 456.

Finally, the mere fact that Defendant Ecford was following Defendant Vantell's orders to move Plaintiff to the contaminated cell does not automatically absolve Ecford of liability in this case. The Sixth Circuit had held that a subordinate can be liable for following a superior's retaliatory orders. *See King v. Zamiara,* 680 F.3d 686, 697 (6th Cir. 2012). *See also Thaddeus-X v. Blatter*, 175 F.3d at 393 (Prison officers who were involved in moving inmate to area of prison used to house mentally ill inmates were properly defendants to inmate's § 1983 claim alleging that he was moved in retaliation for assisting another inmate with civil rights action against prison officials, even though officers contended that they merely acted pursuant to superior's orders).

The fourth and fifth claims will proceed against Defendants Vantell and Ecford.

8. (Claim # 6). <u>The denial-of-food claim is dismissed from the complaint.</u>

Plaintiff alleges that over the course of two months, he was denied breakfast twice and lunch twice by prison staff.

The alleged deprivation of four meals during a two-month period does not rise to the level of an Eighth Amendment violation. *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011). Although the deprivation of food or water can amount to a violation of the Eighth Amendment,

*Id.*, (citing *Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 512 (6th Cir. 2001), "the withholding of meals, while it may result in some discomfort to the prisoner, does not result in a health risk to the prisoner sufficient to qualify as a "wanton infliction of pain" where the prisoner continues to receive adequate nutrition." *Id.* Plaintiff is not entitled to relief on his claim, because he does not allege that his health suffered as a result of the isolated meal deprivation. *Id.* Plaintiff's sixth claim and Defendants Saunders, Todd, Jamison, and Phillips are dismissed from the case.

9. (Claim # 7). Plaintiff is not entitled to relief on his negligence/malpractice claim.

Plaintiff in his seventh claim alleges that Defendant Timmons was negligent in giving him another prisoner's medication (rather than Plaintiff's own medication), which caused him to have several adverse health effects.

"The Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986)(emphasis original). *See also Lewellen v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 34 F. 3d 345, 348 (6th Cir. 1994)("it is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest."). Likewise, a complaint that a doctor or other health provider was negligent in diagnosing or treating a medical condition of a prisoner does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995). "[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106. An Eighth Amendment claim of deliberate indifference must be supported by more than mere negligence. *See Harrison v. Ash,* 539 F.3d 510, 522 (6th Cir. 2008). Thus, "[w]hen a [medical professional] provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to

the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Defendant Timmons' alleged act of giving the wrong medication to Plaintiff is not actionable in a Section 1983 action, because it amounts to an act of negligence or malpractice. *See Rumsey v. Michigan Dep't of Corr.*, 327 F. Supp. 2d 767, 777 (E.D. Mich. 2004). Plaintiff's seventh claim and Defendant Timmons are dismissed from the case.

10. (Claim # 8). <u>Plaintiff is not entitled to relief on his wrongful-denial-of-grievances claim.</u>

Plaintiff next contends that Defendant Christian wrongly denied his grievances or refused to process them.

Plaintiff is not entitled to relief on his claim that Defendant Christian wrongly denied his administrative grievances. The Sixth Circuit has repeatedly held that the wrongful denial of a prison grievance by a prison official does not violate any federal constitutional right, in the absence of any allegation that the official was involved in the underlying activity that was challenged in the grievance. *See Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (the denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (prison officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that their failure to act constituted an acquiescence in the unconstitutional conduct). Plaintiff's claim that he was wrongly denied his grievances fails to state a claim for relief. Plaintiff's Eighth claim and Defendant Christian are dismissed from the case.

11. (Claim # 10). <u>The Security Threat Group Classification.</u>

Plaintiff in his tenth claim appears to suggest that he was wrongly given a Security Threat Group (S.T.G.) classification by Defendant Jeffreys.

The Supreme Court has held that a disciplinary regulation does not implicate a liberty interest unless it "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. at 484. Moreover, the federal constitution does not secure for a prisoner any right to be designated within a particular security classification. *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Any possible designation of Plaintiff as a Security Threat Group member prompted nothing more than an increase in his institutional security classification. *See Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004) ("[D]esignation as a 'Security Threat Group Member' is nothing more than a security classification used by the prison."). But a change is security classification does not comprise an "atypical and significant hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (*citing Moody v. Daggett*, 429 U.S. 78, 88, n. 9 (1976)). In addition, any failure to offer a formal hearing before imposing an S.T.G. designation thus did not violate Plaintiff's due process rights. *Id.* at 576-77. The tenth claim and Defendant Jeffreys are dismissed from the complaint.

## IV. CONCLUSION AND FURTHER PROCEEDINGS

As discussed above, Plaintiff's Second, Third, Sixth, Seventh, Eighth, Ninth, and Tenth Claims and Defendants Tennessee Department of Corrections, CoreCivic, Inc., Trousdale Turner Correctional Facility, Cleveland, Arrington, Jeffreys, Byrd, Lawrence, Bartlett, Andrews, Saunders, Todd, Jamison, and Phillips are **DISMISSED** from the case.

Plaintiff's pleadings state nonfrivolous claims in his First Claim (against Defendants Vincent Vantell, Jr., OIC Perez, ACOS Carter, and Assistant Warden Huggins) and Fourth Claim and Fifth Claims (against Defendants Vincent Vantell, Jr., and Lieutenant Ecford). Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff a service packet (blank summons and USM 285 form) for each of those Defendants. Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 DAYS** of the date of this Order. Upon return of the completed service packets, **PROCESS SHALL ISSUE**.

Plaintiff's motion to appoint counsel (Doc. 6) is **DENIED WITHOUT PREJUDICE.**

The Court's determination that the Complaint states colorable claims for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE