**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **DARIUS D. JONES** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:24-cv-00780** |
| | ) | |
| **TENNESSEE DEPARTMENT OF** | ) | |
| **CORRECTIONS *et al.*** | ) | |

**TO: Honorable Waverly D. Crenshaw, Jr., United States District Judge**

**R E P O R T   A N D   R E C O M E N D A T I O N**

By Memorandum Opinion and Order entered February 9, 2026 (Docket Entry No. 8), this *pro se* and *in forma pauperis* prisoner civil rights was referred to the Magistrate Judge for pretrial proceedings.

Pending before the Court is the motion to dismiss and for summary judgment filed by Defendant Keith Huggins (Docket Entry No. 28). Plaintiff opposes the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be granted in part and that summary judgment be granted to Defendant Huggins.

## I. BACKGROUND AND COMPLAINT

Darius Jones ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Northeast Correctional Complex in Mountain City, Tennessee. He filed this lawsuit in June 2024, seeking monetary relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee Trousdale where he was previously confined. *See* Complaint (Docket Entry No. 1).

Plaintiff raised numerous claims against several defendants in his complaint, but the permissible claims in the case were narrowed upon the Courts' initial screening under 28 U.S.C. §§ 1915(e)(2) and 1915A and the lawsuit was permitted to proceed on three claims: (1) an Eighth Amendment claim against four TTCC staff members - Warden Vincent Vantell, Jr. ("Vantell"), Assistant Warden Keth Huggins ("Huggins"), OIC f/n/u Perez ("Perez"), and ACOS f/n/u Carter ("Carter") – based on allegations they denied Plaintiff access to a bathroom; (2) an Eighth Amendment claim against Vantell and Lt. f/n/u Ecford based on allegations that Plaintiff was placed in a cell that was contaminated by a chemical spray; and, (3) a First Amendment claim against Vantell and Ecford based on allegations that Plaintiff was retaliated against for filing grievances. *See* Docket Entry No. 8 at 9-10 and 12-13. All other claims and defendants were dismissed. *Id*. at 17.

Plaintiff's complaint does not set out a chronology of events that is easy to follow. However, it appears that Plaintiff was placed in segregated confinement in February 2024 pending disciplinary proceedings as a result of being suspected of having involvement in a violent incident within the prison. Plaintiff alleges that, on February 4, 2024, he was placed in hand restraints in the "day room area" immediately prior to being taken to segregation and that Defendants Vantell and Perez refused to allow him to use the restroom to urinate and that he was also refused the use of a restroom "for hours" once he was taken to the segregation unit. *See* Attachments to Complaint (Docket Entry No. 1-1) at 5. He contends that Huggins was involved in taking him to the segregation unit and that Defendant Carter denied his request to use a restroom once Plaintiff was in the segregation unit. *Id* at 12. Plaintiff further alleges that on March 7, 2024, he was moved into a cell by Defendant Ecford that had been hosed down with a chemical spray and had not been decontaminated, causing Plaintiff to have trouble breathing and

swallowing and causing him to suffer chest pains. *Id*. at 17. Plaintiff alleges that Ecford told him that Defendant Vantell had ordered him to be moved to this cell as an act of reprisal against Plaintiff for filing grievances and using the disciplinary appeal process. *Id*.

Only Defendant Huggins has been served with process in the case.[1] After Huggins filed an answer (Docket Entry No. 20), a scheduling order was entered that provided for a period of pretrial activity, including a period for discovery. *See* Docket Entry No. 21. All deadlines set out in the scheduling order have now expired. There are no motions pending in the case other that Defendant's motion. A jury trial is demanded, but a trial has not been scheduled pending resolution of the dispositive motion.

## II. DEFENDANT'S MOTION, RESPONSE, AND REPLY

Defendant's motion is twofold. First, Defendant seeks dismissal of the case under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, arguing that Plaintiff failed to file a change of address notice upon his transfer from the TTCC. Second, Defendant seeks summary judgment in his favor under Rule 56 of the Federal Rules of Civil Procedure, arguing that: (1) Plaintiff did not fully exhaust the administrative remedies available to him at the TTCC before filing his lawsuit and thus he failed to comply with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a); and, (2) there is no evidence that Defendant denied Plaintiff the use of a restroom or instructed any other correctional staff

---

[1] Plaintiff did not return a completed service packets for Defendant Carter, and process for Defendants Ecford, Vantell, and Perez was returned unexecuted. By Order entered May 9, 2025 (Docket Entry No. 12), Plaintiff was given a deadline of June 20, 2025, to provide alternative information for service of process upon the unserved Defendants or the Court would recommend their dismissal under Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff has not complied with this directive and has not otherwise take any steps to have Defendants served with process. The time to serve these Defendants with process has long since passed. Accordingly, they are subject to dismissal under Rule 4(m).

member to deny Plaintiff use of a restroom. In support of his motion, Defendant submits a memorandum of law (Docket Entry No. 29), a statement of undisputed material facts ("SUMF") (Docket Entry No. 30), his own declaration (Docket Entry No. 32), and the declaration and exhibits attached thereto of TTCC Grievance Chairperson Cedric Tripp (Docket Entry No. 31).

Plaintiff's response to Defendant's motion consists of a single paragraph, which states as follows:

> Comes now the Plaintiff, *pro se* and an incarcerated person, and hereby requests this Honorable Court to deny Defendant Huggins' Motion to Dismiss. Plaintiff's response is simple: (1) He did in fact allege that he exhausted administrative remedies, to the extent possible – and was frustrated in that attempt by Defendant Huggins; and (2) that he has personal knowledge, as alleged, that defendant Huggins denied Plaintiff the use of the restroom and/or instructed other correctional officers to deny him use of the restroom. Apparently, Defendant Huggins wishes to put the facts to ultimate determination at this point of the litigation. It is unquestioned that the parties disagree as to the material facts raised at issue in this motion, and that such actual controversy puts paid to the Defendant's motion under the standards of Rule 56. Defendant's motion should be denied.

*See* Response (Docket Entry No. 36).

In a reply, Defendant points out that: (1) Plaintiff has not addressed the failure to prosecute argument; (2) Plaintiff has not filed a response to the SUMF or supported his response in opposition with citations to any evidence; (3) Plaintiff has not supported his rebuttal to the failure to exhaust defense with any evidence showing that he fully completed the grievance process prior to filing the lawsuit; and, (4) Plaintiff has not supported the merits of his claim against Defendant with any actual evidence. *See* Reply (Docket Entry No. 37).

## III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). To defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (*quoting Anderson*, 477 U.S. at 252).

## IV. ANALYSIS

A. Rule 41(b) Dismissal

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed.R.Civ.P. 41(b). Four factors should be considered in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). Dismissal for failure to prosecute is "a harsh sanction" which applies "only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff." *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991).

Defendant's Rule 41(b) argument is not persuasive. Although Plaintiff was advised by the Court in the scheduling order of the need for him to keep the Court and Defendants informed of his current address and while Local Rule 41.01(b) provides that the failure of a *pro se* plaintiff "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action without or without prejudice," the Court does not find that the single instance of Plaintiff's failure to file a change of address notice is evidence of a clear record of delay, contumacious conduct, or a willful disregard for the Court's orders. The record does not show either repeated instances of non-compliance with the Court's directives or a neglect of the case that is tantamount to a failure to prosecute. The Court notes that Plaintiff has responded to Defendant's motion, which weighs against any conclusion that he has abandoned the case. The Court is also not swayed by Defendant's argument that he has been prejudiced by the lack of a

change of address notice. The Court simply fails to see any hinderance to the progression of this case because of Plaintiff's failure to file a change of address notice. Indeed, despite the lack of a change of address notice, this case has progressed in a manner that is fairly routine for *pro se* prisoner civil rights cases. In the end, the Court finds that the single instance of Plaintiff's failure to file a change of address notice does not warrant the harsh sanction of a Rule 41(b) dismissal.

B. Plaintiff's Claim against Defendant Huggins and Summary Judgment

The unnecessary and wanton infliction of pain upon a prison inmate constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In certain cases, an inmate who is deprived of the use of restroom facilities may be found to have suffered a violation of his Eighth Amendment rights if there was not a penological justification for the deprivation and the defendant acted with a sufficiently culpable state of mind. *Hope v. Pelzer*, 536 U.S. 730, 738 (2002); *Berkshire v. Dahl*, 928 F.3d 520, 538 (6th Cir. 2019); *Barker v. Goodrich*, 649 F.3d 428, 435 (6th Cir. 2011).

Although Plaintiff's allegations about being denied the use of a restroom were sufficient to permit his claim against Defendant Huggins to survive initial review, Plaintiff has not adequately rebutted Defendant's motion for summary judgment and has not presented evidence in support of his claim that would permit a reasonable jury to find in his favor on the claim. After review of the evidence that is before the Court, the Court finds that genuine issues of material fact do not exist that require resolution of the claim at trial. Summary judgment should be granted to Defendant Huggins.

When a motion for summary judgment is properly supported under Rule 56, such as Defendant's motion, the non-moving party may not merely rest on the allegations contained in

the complaint but must respond with affirmative evidence that supports his claim and that establishes the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).

Plaintiff's *pro se* status does not relieve him of this obligation. The Sixth Circuit has repeatedly recognized that "a party's 'status as a *pro se* litigant does not alter his duty on a summary judgment motion' to present evidence demonstrating a material issue for trial." *Curran v. Wepfer Marine Servs., Inc.*, 2024 WL 4489916, at *4 (6th Cir. May 20, 2024) (quoting *Viergutz v. Lucent Techs., Inc.*, 375 F.App'x 482, 485 (6th Cir. 2010); and citing *United States v. Ninety Three Firearms*, 330 F.3d 414, 427-28 (6th Cir. 2003)). Furthermore, the Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

Plaintiff has not satisfied this threshold obligation. Initially, he has not responded to Defendant's SUMF. Under Rule 56.01(c) of the Local Rules of Court, his failure to respond "shall indicate that the asserted facts are not disputed for purposes of summary judgment."

Accordingly, the Court is permitted to rely upon the facts set forth by Defendant in the SUMF as the undisputed facts. Furthermore, Plaintiff has not provided any actual evidence rebutting the motion for summary judgment and creating a genuine issue of material fact for his claim.

Defendant's unrebutted evidence show that:

1) on February 3, 2024, Plaintiff was an aggressor in an altercation at the TTCC where he and a group of inmates assaulted another inmate who received injuries that required outside medical attention;

2) Plaintiff was taken to a restrictive housing following the incident and was later disciplined for assault with a deadly weapon; and,

3) Defendant Huggins did not deny Plaintiff the use of the restroom either on February 4, 2024, or at any other point in time, and did not instruct any other correctional staff member to deny Jones use of the restroom.

*See* Declaration of Huggins at ¶¶ 3-4; SUMF at ¶ 3.

Plaintiff has not rebutted this evidence and has not presented any actual evidence in support of his claim. The lack of supporting evidence is particularly significant given the minimal and sparse allegations against Huggins in Plaintiff's complaint. Although Plaintiff states in his response in opposition that "he has personal knowledge, as alleged, that defendant Huggins denied Plaintiff the use of the restroom and/or instructed other correctional officers to deny him use of the restroom," *see* Docket Entry No. 36, this statement is unsupported by any actual evidence. A party opposing a motion for summary judgment must present evidence supporting the claims asserted by the party, *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003), and cannot rely on allegations or denials in unsworn filings. *Viergutz v. Lucent Techs., Inc.*, 375 F.App'x. 482, 485 (6th Cir. 2010). An unsworn factual statement, such as the

one made by Plaintiff in his response, is simply not evidence that can rebut a motion for summary judgment. *See Reeves v. Corr. Corp. of Am.*, 2021 WL 1323286, at *2 (6th Cir. Mar. 1, 2021) ("an unsworn statement does not constitute admissible evidence to demonstrate a genuine issue of material fact."); *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 325 n. 1 (6th Cir. 1988) ("a motion for summary judgment may not be defeated by factual assertions in the brief of the party opposing it, since documents of this nature are self-serving and are not probative evidence of the existence or nonexistence of any factual issues.").

Plaintiff had the opportunity to engage in discovery in this case but failed to gather the evidence needed to support his case. His response in opposition to the motion for summary judgment is both cursory and unsupported, and he fails to show an evidentiary basis for his assertion that genuine issues of material fact exist. There is simply no evidence that is in the record upon which a reasonable jury could find that Plaintiff's Eighth Amendment rights were violated by Defendant Huggins. Defendant Huggins is thus entitled to summary judgment in his favor on the merits of the claim.

Because the Court finds that summary judgment is clearly warranted in favor of Defendant Huggins on the merits of Plaintiff's claim against Huggins, it is not necessary for the Court to address Defendant's alternative PLRA exhaustion argument.

## RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that the motion to dismiss and for summary judgment filed by Defendant Keith Huggins (Docket Entry No. 28) be **GRANTED** to the extent that summary judgment be awarded to Defendant Huggins on the merits and that this action be **DISMISSED WITH PREJUDICE** as to Huggins.

Additionally, Defendants Vincent Vantell, Jr., f/n/u Perez, f/n/u Carter, and f/n/u Echford should be **DISMISSED** from the action without prejudice pursuant to Federal Rule of Civil Procedure 4(m) because of lack of service of process upon them.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

Lynda M. Hill

LYNDA M. HILL
United States Magistrate Judge